<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **CARBON COUNTY COURT OF COMMON PLEAS COMMONWEATH OF PENNSLYVANIA,**<br><br>**Plaintiff,**<br><br>v.<br><br>**JOSEPH DUMANOV,**<br><br>**Defendant.** | **Civil Action No. 15-1602 (ES) (MAH)**<br><br>**MEMORANDUM OPINION** |

**SALAS, DISTRICT JUDGE**

Pending before the Court is Defendant Joseph Dumanov's (i) motion for summary judgment (D.E. No. 7); (ii) motion for clarification of dismissal (D.E. No. 8); (iii) objections to the October 28, 2015 Report and Recommendations issued by Magistrate Judge Michael A. Hammer (D.E. No. 9); and (iv) motion for reconsideration of the Court's Order adopting the Report and Recommendations (D.E. No. 10). For the reasons stated herein, the Court declines to entertain Defendant's motions and objections to the October 28, 2015 Report and Recommendation.

On January 2, 2015, Defendant was issued a traffic citation in the Commonwealth of Pennsylvania. (D.E. No. 1, Ex. A). On February 19, 2015, Defendant appeared in the Carbon County Court in Pennsylvania before the Honorable Joseph Hamanko to contest the traffic citation. (D.E. No. 10, Motion for Reconsideration ("Def. Mov. Br.") at 1-2).

On March 3, 2015, Defendant Joseph Dumanov removed the instant action from the Court of Common Pleas Commonwealth of Pennsylvania. (D.E. No. 1). On October 2, 2015, Magistrate Judge Michael A. Hammer issued an Order to Show Cause as to why the instant case should not dismissed for lack of jurisdiction. (D.E. No. 3).

- 2 -

Following Defendant's written submission, Judge Hammer recommended that the District Court dismiss the action *with prejudice* for lack of jurisdiction. (D.E. No. 5, Report and Recommendation). In particular, Judge Hammer found that Defendant's notice of removal failed to state a federal cause of action or allege diversity of citizenship. (*See id.* at 2).

On January 12, 2016, the Court adopted Judge Hammer's Report and Recommendation as the Opinion of this Court and dismissed the action *with prejudice* for the reasons outlined in the Report and Recommendation. (*See* D.E. No. 6). In essence, the Court dismissed the instant case for lack of subject matter jurisdiction.

None of the instant motions demonstrate how the Court has jurisdiction over Defendant's traffic ticket violation in Pennsylvania state court. As Judge Hammer noted, the Court does not have jurisdiction over a speeding ticket. (*See* Report and Recommendation at 3). Indeed, Defendant "cannot turn a traffic summons case itself into a counterclaim for affirmative relief under 42 U.S.C. § 1983." *Lamb v. New Jersey*, No. 12-6782, 2012 WL 5830424, *1 (D.N.J. Nov. 15, 2012). This is precisely what Defendant is attempting to do by now asserting civil rights violations. (*See* D.E. No. 4, Response to Order to Show Cause (alleging constitutional violations)).

Given that the Court lacks subject matter jurisdiction, the Court DENIES Defendants' motions. Defendant may file a new and separate civil rights action against a particular party in the proper venue, but the Court does not have the jurisdiction to hear Defendant's claims on removal from traffic violation.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

- 2 -